# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| IRA B. HARRIS, Register No. 44990, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-4175-CV-C-SOW |
| ) | |
| KEITH SCHAFER, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Ira Harris is an inmate currently confined at Eastern Reception, Diagnostic and Correctional Center, which is a Missouri penal institution. In August 2007, he filed this suit under 42 U.S.C. § 1983 alleging defendants were deliberately indifferent to his serious mental health medical needs while he was at Fulton State Hospital and that he was improperly released from the facility and returned to the Department of Corrections.[1]

On February 7, 2008, defendants Schafer, Parks, Reitz, and Martin filed a motion to dismiss for plaintiff's failure to state a claim against them. Specifically, defendants allege they are administrative or supervisory personnel, and plaintiff has failed to set forth any facts showing their personal involvement in his medical care or release. They also assert they have been improperly sued in their official capacities.

Plaintiff responded in opposition to the motion, but did not set forth facts showing specific actions taken by the named defendants or otherwise show their personal involvement in the events about which he complains. In reply, defendants assert plaintiff did not respond to the matters addressed in the motion to dismiss.

Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must give the

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

defendant fair notice of the claim and grounds on which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, ___ U.S. ___. ___, 127 S. Ct. 1955, 1965 (2007).

Thus, a complaint is properly dismissed under Fed. R. Civ. P. 12 (b)(6) when it fails to state sufficient facts to identify a claim upon which relief can be granted. At this stage, the factual allegations in the complaint are accepted as true, the complaint is construed liberally in the light most favorable to the plaintiff, Eckert v. Titan Tire Corp. 514 F.3d 801, 806 (8th Cir. 2008), and the court must determine whether the complaint shows the pleader is entitled to relief. "The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.'" Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

In this case, plaintiff has not named as defendants the doctors who treated him, or otherwise identified the individuals who determined he should be released back to the custody of the Missouri Department of Corrections. In the absence of factual allegations showing the personal involvement of the named defendants, plaintiff has failed to state a claim against them under 42 U.S.C. § 1983.

A supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995); Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993); Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990). Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation. Boyd, 47 F.3d at 968; Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990).

The court notes defendants assert they have been sued only in their official capacities. Paragraph 9 of plaintiff's complaint, however, states defendants are sued "in their own

2

capacity and individual capacity." (Doc. 2.) Thus, the court has not addressed the official capacity argument in this report and recommendation.

In light of plaintiff's failure to show a causal connection between the named defendants and the actions giving rise to this lawsuit, his claims will be recommended dismissed. In addition, his pending motions for appointment of counsel will be denied, without prejudice to reconsideration if the case is not dismissed by the Honorable Scott O. Wright. If this report and recommendation is not adopted and the case is not dismissed, plaintiff should advise the court whether a guardian ad litem has been appointed in his pending civil case in the United States District Court for the Eastern District of Missouri.[2]

Accordingly, it is

ORDERED that plaintiff's motions of March 6 and 31, 2008, for appointment of counsel are denied, without prejudice. [17, 21] It is further

RECOMMENDED that defendants' motion of February 7, 2008, be granted and plaintiff's claims be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. [15]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

---

[2]A deposition transcript submitted by plaintiff to support his motion for appointment of counsel suggests that a request for appointment of a guardian ad litem was being considered.

3

Dated this 3rd day of June, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4